UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-62199-BLOOM
(Case No. 90-cr-08065-COHN-9)

TIMOTHY LEE HATTEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DISMISSING PETITION

**THIS CAUSE** is before the Court on Petitioner Timothy Lee Hatten's *pro se* "Extraordinary Writ of Error Coram Nobis," ECF No. [1], and Addendum, ECF No. [3], (collectively "the Petition").[1] Petitioner, a former federal prisoner, seeks a writ of error coram nobis to vacate his drug conspiracy convictions in Case No. 90-CR-08065-COHN-9.[2] For the following reasons, the Petition is **DISMISSED** as frivolous.

"[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to *sua sponte* dismiss a frivolous case. *See id.*; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss

---

[1] The Petition was filed in Petitioner's underlying criminal case, Case No. 90-CR-08065-COHN-9, docketed as a new civil case, and randomly assigned to the undersigned.

[2] Petitioner states he is challenging his convictions and sentences in "Case No. 93-4350-CR." ECF No. [1] at 1. But no such criminal case in this District exists, and it is clear from the Petition's allegations that he is challenging his convictions and sentences in Case No. 90-CR-08065-COHN-9.

frivolous suits without giving notice to the parties"). A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A writ of error *coram nobis* "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). It is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). As the Supreme Court explained in *United States v. Morgan,* 346 U.S. 502 (1954), *coram nobis* relief is available after a sentence has been served because "the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." *Id*. at 512–13. Coram nobis relief is only available, however, "to the review of errors 'of the most fundamental character.'" *Mills*, 221 F.3d at 1203 (quoting *United States v. Mayer*, 235, U.S. 55, 69 (1914)). "In addition, courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id*. at 1204.

In 1990, Petitioner was one of twenty defendants charged in the Southern District of Florida in connection with a conspiracy to manufacture and sell cocaine and crack cocaine. *See United States v. Glinton*, 154 F.3d 1245, 1248 (11th Cir. 1998). Petitioner and twelve other defendants proceeded to trial, and Petitioner was convicted by a jury and sentenced to life imprisonment. *Id*. at 1248, 1250 n.2. Petitioner appealed, challenging, among other things, the legality of the search of his residence and vehicle. *Id*. at 1256–57. The Eleventh Circuit affirmed Petitioner's convictions. *Id*. at 1260.

In 2008, the Court granted Petitioner's motion to reduce his sentence and lowered it to 360 months. ECF-Cr. No. [1433].[3] In 2016, after serving nearly 24 years in federal prison, Petitioner was released from custody. *See Hatten*, 787 F. App'x 589, 590 (11th Cir. 2019). In 2017, his supervised release was revoked and he served five months in prison. ECF-Cr. No. [1677]. Petitioner was last in Bureau of Prisons' custody on July 28, 2017. *See* Fed. Bureau of Prisons, FIND AN INMATE (search BOP Register Number 27993-004), https://www.bop.gov/inmateloc/ (last visited Nov. 4, 2025).

In his Petition for coram nobis relief, Petitioner raises claims that are derived from the arguments he and other defendants raised in their direct appeal. First, he alleges that the evidence adduced at trial did not establish a single conspiracy, causing a "fatal variance" between the Indictment and the trial evidence.[4] ECF No. [1] at 2. Second, he alleges that the wiretap and search of his residence and vehicle were illegal and that the magistrate judge who signed the wiretap was not neutral. ECF No. [3] at 2–5. The Eleventh Circuit expressly rejected these arguments on direct appeal. *See Glinton*, 154 F.3d at 1250–58.

Petitioner is a serial litigant who has previously filed numerous coram nobis petitions and other motions collaterally attacking his convictions and sentences. *See, e.g.*, *Hatten v. United States*, No. 19-CV-81575-JIC (S.D. Fla. Nov. 19, 2019); *Hatten v. United States*, 19-CV-81035-JIC (S.D. Fla. Jul. 18, 2019); *Hatten v. United States*, No. 17-CV-80969-JIC (S.D. Fla. Aug. 22,

---

[3] Citations denoted as "ECF-Cr." refer to the docket in Petitioner's underlying criminal case, Case No. 90-CR-08065-COHN-9.

[4] Petitioner relies on language from the Eleventh Circuit's opinion affirming his convictions, in which it found that there was evidence of multiple conspiracies but no proof of a single conspiracy among all the defendants, as the Government alleged in the Indictment. *Glinton*, 154 F.3d at 1251. The Eleventh Circuit nonetheless concluded that "[n]otwithstanding the variance between the charge of a single conspiracy and the proof of multiple conspiracies," reversal was not warranted because "there was no prejudicial variance in this case." *Id.* at 1252. The Eleventh Circuit thus affirmed all the defendants' convictions. *Id.* at 1260.

2017). In his most recent case, Petitioner raised similar claims challenging the search warrant and wiretap. *Hatten*, No. 19-CV-81575-JIC, ECF No. 1. The magistrate judge observed that "Petitioner is a serial-filer, having filed countless motions and petitions—including several other petitions for a writ of coram nobis—for postconviction relief in an apparent attempt to circumvent the Antiterrorism and Effective Death Penalty Act's ("AEDPA") restriction on successive filings." *Id.*, ECF No. 6 at 2. The magistrate judge found that the petition was frivolous because it was effectively a collateral attack on Petitioner's convictions that had to be raised in a motion to vacate under 28 U.S.C. § 2255 and, therefore, "Petitioner cannot establish the fundamental prerequisite for coram nobis relief that 'there is and was no other available avenue of relief.'" *Id.* at 3 (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000)). The magistrate judge admonished Petitioner for "continu[ing] to waste the Court's time with his frivolous filings. The instant Petition is yet another in a long line of frivolous filings by this Petitioner." *Id.*

In an earlier case in which Petitioner also raised similar claims, the Eleventh Circuit affirmed the denial of coram nobis relief, explaining:

> A "writ of coram nobis is appropriate *only* when there is and was no other available avenue of relief." [Petitioner] could and did pursue direct appeal and habeas relief through which he could and did challenge the lawfulness of these searches. A petition for a writ of coram nobis does not provide him an opportunity to reassert failed claims or to bring claims he neglected to bring in available proceedings. The district court did not abuse its discretion by denying [Petitioner] relief.

*Hatten*, 787 F. App'x at 591 (emphasis in original) (quoting *Alikhani*, 200 F.3d at 734).

Here, Petitioner has filed yet another frivolous coram nobis petition, again raising claims that he not only raised in prior coram nobis petitions but which he raised and were rejected on direct appeal. As the Eleventh Circuit and courts in this District have repeatedly explained to Petitioner, coram nobis relief is not available for these claims because such relief is available "only

Case No. 25-cv-62199-BLOOM

where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204. Petitioner does not even attempt to explain why he failed raise these claims earlier, nor could he, given he raised them and they were rejected. Accordingly, the instant Petition shall be dismissed as frivolous.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the Petition, **ECF No. [1]**, is **DISMISSED**, this case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.[5] The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Timothy Lee Hatten, *PRO SE*
635 30th Street
West Palm Beach, FL 33407

---

[5] The Court does not rule on a certificate of appealability because "[n]o certificate of appealability is required under *coram nobis*." *Campbell v. United States*, No. 17-CV-60911-BB, 2017 WL 11681180, at *4 (S.D. Fla. May 10, 2017).