UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-62199-BLOOM
(Case No. 90-cr-08065-COHN-9)

TIMOTHY LEE HATTEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

**THIS CAUSE** is before the Court on *pro se* Petitioner Timothy Lee Hatten's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF No. [5]. Petitioner seeks reconsideration of this Court's Order dismissing his Petition for Writ of Error Coram Nobis as frivolous. ECF No. [4]. For the following reasons, the Motion is **DENIED**.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). While Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotations omitted).

Petitioner's Rule 59(e) Motion reiterates the substantive claim he raised in his Petition that his now-expired convictions and sentences are unconstitutional based on language in the Eleventh Circuit's opinion affirming his convictions and sentences nearly thirty years ago. Petitioner complains that this Court only addressed the merits of this substantive claim in a footnote. Petitioner ignores the reasons for the Court's dismissal of his Petition as frivolous. As this Court explained, Petitioner "again rais[ed] claims that he not only raised in prior coram nobis petitions but which he raised and were rejected on direct appeal. As the Eleventh Circuit and courts in this District have repeatedly explained to Petitioner, coram nobis relief is not available for these claims because such relief is available 'only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.'" ECF No. [4] at 4–5 (quoting *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000)).

Petitioner uses his Rule 59(e) motion to again raise the same frivolous argument that courts have repeatedly rejected. Despite numerous courts' admonishments that this argument is frivolous, Petitioner has not been deterred from filing pleadings raising this claim. Petitioner is hereby cautioned that if he continues to waste judicial resources by filing frivolous claims that have been repeatedly rejected, this Court is authorized to sanction him in the form of a filing restriction. *See* Fed. R. Civ. P. 11(b)–(c) ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . . If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

Case No. 25-cv-62199-BLOOM

impose an appropriate sanction"); *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) ("[C]ourts are authorized to restrict access to vexatious and abusive litigants").

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), **ECF No. [5]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Timothy Lee Hatten, *PRO SE*
635 30th Street
West Palm Beach, FL 334071

3